```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

MICHAEL VENTAROLA,

        Plaintiff,

-against-

DANIEL H. REYES NARVAEZ, et al.,

        Defendants.

18-CV-03231 (VB) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2020

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiff's Proposed Findings of Fact and Conclusions of Law (Proposed Findings) (Dkt. No. 35-1), the declaration of Michael Ventarola (Dkt. No. 35-8) in support of those Proposed Findings, and related exhibits. The Proposed Findings are deficient in at least two respects.

    First, plaintiff has failed to submit any of his supporting medical evidence in admissible form. *See* Scheduling Order for Damages Inquest (Scheduling Order) (Dkt. No. 34) ¶ 2; *Poulos v. City of New York*, 2018 WL 3750508, at *4 (S.D.N.Y. July 13, 2018) (unauthenticated hospital records cannot be considered during inquest into damages), *report and recommendation adopted*, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018)*; Jordonne v. Ole Bar & Grill, Inc.*, 2016 WL 3409088, at *6 (S.D.N.Y. Apr. 26, 2016) (refusing to consider uncertified medical records in damages inquest), *report and recommendation adopted sub nom. Jordan v. Ole Bar & Grill, Inc.*, 2016 WL 3360524 (S.D.N.Y. June 16, 2016); *Braccia v. D'Blass Corp.*, 2011 WL 2848146, at *8 (S.D.N.Y. June 13, 2011) (similar), *report and recommendation adopted,* 2011 WL 2848202 (S.D.N.Y. July 18, 2011).

    Second, despite plaintiff's significant history of preexisting conditions, including back pain (apparently requiring both narcotic pain medication and epidural injections), headaches, and hearing loss, he has failed to submit any competent medical evidence as to proximate causation. *See*, *e.g.*,

*Watson-Tobah v. Royal Moving & Storage, Inc.*, 2014 WL 6865713, at *14 (S.D.N.Y. Dec. 5, 2014) (granting summary judgment to defendant where plaintiff, who had injuries from prior auto accidents and other events, failed to "present any competent medical evidence supporting her allegation that her injuries were proximately caused by the September 5, 2011 accident").

No later than **March 14, 2020**, plaintiff may refile his Proposed Findings, supported by properly authenticated medical records and/or competent medical evidence regarding proximate causation. Plaintiff's updated Proposed Findings must include citations to the specific paragraph of an accompanying declaration or the specific page of an accompanying medical record that supports **each** requested finding. *See* Scheduling Order ¶ 2. In addition, plaintiff's request for $200,000-$300,000 in damages for pain and suffering should be supported by citations to cases in which similar awards have issued on comparable facts. *See Hinckley v. Westchester Rubbish, Inc.*, 2006 WL 2849841, at *4 (S.D.N.Y. Oct. 2, 2006) ("Under New York law, which governs here, courts look to approved awards in similar cases as guideposts in fashioning appropriate damage awards.").

Plaintiff is directed to serve this Order, as well as any updated Proposed Findings, with exhibits, on the defaulting defendants, and file proof of service of same.

Dated: New York, New York
February 13, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**