UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL VENTAROLA,

                Plaintiff,

-against-

DANIEL H. REYES NARVAEZ, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

18-CV-03231 (PMH) (BCM)

PHILIP M. HALPERN, United States District Judge:

By Order dated August 10, 2018 (the "Default Order") (Doc. 29), the Court[1] granted the motion filed by Plaintiff Michael Ventarola ("Plaintiff") for the entry of a default judgment as to liability against Defendant Daniel H. Reyes Narvaez ("Narvaez") and Defendant Sunieski Batista ("Batista" and together, "Defendants"), and referred the matter to Magistrate Judge Barbara C. Moses for an inquest and Report and Recommendation ("Report") as to damages (Doc. 33). On February 16, 2021, Judge Moses issued her Report. (Doc. 44). On February 17, 2021, the Report was served upon Defendants via regular mail. (Doc. 45). To date, none of the parties has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted, judgment is entered against Narvaez, the Default Order vacated as to Batista, and Plaintiff's claims against Batista are dismissed.

In reviewing a magistrate judge's report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a report and recommendation "[w]ithin fourteen days after being served with a copy . . . ." *Id*. "Where, as here, no objections to a report

---

[1] This action was pending previously before Judge Sullivan, thereafter reassigned to Judge Briccetti, and on March 17, 2020, it was reassigned to me.

and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record." *Gomez v. Comm'r of Soc. Sec.*, No. 19-CV-09278, 2021 WL 706744, at *1 (S.D.N.Y. Feb. 22, 2021) (internal quotation marks and citations omitted); *Remsen Funding Corp. of New York v. Ocean W. Holding Corp.*, No. 06-CV-15265, 2009 WL 874212, at *1 (S.D.N.Y. Mar. 31, 2009).

Plaintiff filed his complaint on April 16, 2018 (the "Complaint")[2] alleging claims of negligence against Defendants arising out of a motor vehicle accident that occurred on November 16, 2017. (Doc. 5). Plaintiff sought an unspecified award of damages in excess of $75,000.00, together with such other and further relief as the Court deems just and proper. (Doc. 5 at 4).

First, the Report correctly applies the rule approving the holding of an inquest by affidavit without an in-person hearing when the Court has determined there is a sufficient evidentiary basis for the damages sought by the plaintiff. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). The Report also correctly applies the rule that a default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendants." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015).

Second, the Report correctly recommends that the Default Order be vacated as to Batista and the claims against her dismissed. The Complaint does not sufficiently allege a negligent entrustment claim against Batista, as it offers no more than conclusory statements which do not suffice to state a claim for relief. *Perpall v. Pavetek Corp.*, No. 12-CV-0336, 2018 WL 2390123, at *1 n.2 (E.D.N.Y. May 25, 2018); *see also Monette v. Trummer*, 964 N.Y.S.2d 345, 348

---

[2] The Complaint was initially filed on April 13, 2018, however, due to a filing error it was re-filed on April 16, 2018.

(negligent entrustment cause of action requires the plaintiff plead that defendant possessed some "special knowledge concerning a characteristic or condition particular to [Narvaez] that rendered his use of [her 2008 Saturn] unreasonably dangerous."), *aff'd*, 22 N.Y.3d 944 (2013). Accordingly, the Default Order should be vacated against Batista and the claims against her dismissed, as Plaintiff has failed to adequately establish her liability. *See Vera v. Donado* Law *Firm*, 2019 WL 3306117, at *5, *12 (S.D.N.Y. June 19, 2019).

Third, the Report correctly accepts the evidence proffered by Plaintiff establishing his injuries and resulting damages under New York law. *See, e.g.*, *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("[T]here must be a basis upon which the court may establish damages with reasonable certainty. . . . [E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence."); *Hinckley v. Westchester Rubbish, Inc.*, No. 04-CV-0189, 2006 WL 2849841, at *4 (S.D.N.Y. Oct. 2, 2006) ("The assessment of damages following entry of a default judgment in a diversity action is governed by state law standards."); *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 501-02 (S.D.N.Y. 2013) ("[T]he Court may rely upon [plaintiff's] sworn statements in reaching a damages determination" and upon his medical records, if "properly authenticated" and "look to approved awards in similar cases as guideposts in fashioning appropriate damage awards.").

The Report correctly recommends that an award of $200,000.00 will appropriately compensate Plaintiff for the past and future pain and suffering caused by the November 16, 2017 collision. Under New York law, to obtain an award for pain and suffering, Plaintiff must establish that one or more of his injuries resulting from the accident at issue is a "serious injury" pursuant to New York Insurance Law § 5102(d). *See* N.Y. Ins. Law § 5204(a); *Young Sung Lee v. Garvey*, 718 F. App'x 11, 13 (2d Cir. 2017) (summary order). Tinnitus combined with hearing loss is

sufficient to establish a serious injury under New York law. *Mauro v. Mearsheimer*, 616 N.Y.S.2d 650, 650 (App. Div. 1994). Moreover, Plaintiff's spinal injuries that were caused and/or exacerbated by the accident also qualify as serious under New York law. *Peralta v. Quintero*, 20 F. Supp. 3d 462, 466-67 (S.D.N.Y. 2014). The Report correctly considers approved awards in similar cases as guideposts to determine the range of an appropriate award, and properly recommends an award of $200,000.00 in light of the features presented by this case that would support a higher award. *See Pablo Morales v. Eduardo Vasquez*, No. 22357/12 (New York Supreme Court, Bronx County) (jury found plaintiff sustained $187,500 in damages); *Maurer v. U.S.*, 668 F.2d 98, 100 (2d Cir. 1981) (negligent defendant "takes the plaintiff as he finds him.").

Fourth, the Report correctly recommends an award of pre-judgment interest from the date of the Report to the entry of judgment at the New York statutory rate of nine percent per year, "on a simple interest basis." *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998); N.Y. C.P.L.R. §§ 5002, 5004. The Report therefore recommends an award of pre-judgment interest in the amount of $49.32 per day between February 16, 2021 and the date on which final judgment is entered. The Report further recommends an award of post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961 from the date of judgment to the date of payment.

Upon a careful and complete review of the Report, the Court finds no clear error in Judge Moses's thorough and well-reasoned analysis. Accordingly, the Report is adopted. The Default Order is hereby vacated as to Batista, and Plaintiff's claims against her are dismissed. The Clerk of Court is respectfully directed to enter judgment against Narvaez in the amount of $200,000.00, together with pre-judgment interest at a rate of 9% per annum ($49.32 per day) from February 16, 2021 until the date on which final judgment is entered, and post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961.  The Clerk of Court is further directed to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Plaintiff is directed to mail a copy of this Order to Defendants.

**SO ORDERED:**

Dated: White Plains, New York
March 4, 2021

*[signature]*

PHILIP M. HALPERN
United States District Judge